**Jacqueline L. Slone, Administrator of the Estate of Clyde Von Slone, Deceased, Plaintiff-Appellant, v. Eva G. Morton, Defendant-Appellee.**

Gen. No. 11,684.

Second District, First Division.

February 19, 1963.

Rehearing denied and opinion modified March 19, 1963.

Robert G. Day, of Peoria, and Joseph V. Toohill, of Farmington, for appellant.

Heyl, Royster, Voelker & Allen, of Peoria (Clifford C. Johnson, of counsel), for appellee.

SMITH, J.:

Plaintiff appeals from a judgment in bar of her suit for loss of support under the Illinois Dram Shop Act, Ill Rev Stats c 43, § 135 (1959). She had alleged that the defendant caused the intoxication of one Schwindenhammer as a result of which he drove his automobile into that of plaintiff's husband, thereby causing his death. She further alleged the employment of her husband as a salesman and the use of his earnings exclusively for the support of himself, his wife and minor child and prayed judgment for $20,-

000. Issue was joined by an appropriate answer denying these allegations.

After issue thus joined defendant filed her motion for summary judgment, supported by affidavit, asserting that others had paid the plaintiff amounts in excess of $20,000 under the Wrongful Death Act, Ill Rev Stats c 70, § 1 et seq. (1959), and that such amount, being in excess of the amount recoverable under the Dram Shop Act, was a complete bar to this suit. The trial court allowed the motion for summary judgment and entered an appropriate judgment in bar. Plaintiff then filed her motion to vacate the judgment and for leave to file an amended complaint. Attached to the motion was a proposed amended complaint alleging that her total loss of support aggregated $42,-500; that others had paid her $22,500, which should be credited, and prayed judgment for the balance of $20,000 under the Dram Shop Act. The trial court denied the motion and this appeal followed.

■ Appellant first contends that summary judgment procedure was inappropriate as the subject matter of the motion should have been raised earlier in the case either by motion under CPA Sec 48, Ill Rev Stats c 110, § 48 (1959), or under CPA Sec 43(4), Ill Rev Stats c 110, § 43(4) (1959). We deem it unnecessary to determine whether the subject matter of defendant's motion was appropriate to the use of either of these sections of the CPA. That it might or could have been so used does not mean that it must have been so used. The summary judgment provisions of CPA Ill Rev Stats c 110, § 57(3) (1959) reads:

> "The judgment or decree sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law."

497

The defendant's affidavit set forth specifically the payment of $22,500 by others under the Wrongful Death Act, the acceptance thereof and the execution and delivery of covenants not to sue by authority of the Probate Court of Peoria County, and attached a copy of the Probate Court proceedings. No counter-affidavits were filed. The plaintiff's proposed amended complaint demonstrates that the facts stated in the affidavit are true and that no counter-affidavits could have been filed. The payments made stand admitted. The facts stated in the motion for summary judgment must be taken as true. There is no "genuine dispute of a material fact." The trial court properly functioned under summary judgment procedure in so finding. Whether it functioned properly is the question before us.

 We deem the motion of the plaintiff to vacate the judgment adequate to reach the ultimate issue in this case. " 'The purpose of the summary judgment procedure is not to try an issue of fact, but rather to determine whether there is an issue of fact. . . . If there is a material issue of fact, it must be submitted to the jury. The right of the moving party to a judgment should be free from doubt.' " Midwest Grocery Co. v. Danno, 29 Ill App2d 118, 123, 172 NE2d 648, 651. It appears that the moving party's right to a judgment must not only be free from factual doubt but that he must also show that he is "entitled to a judgment or decree as a matter of law." CPA Sec 57(3), noted above. In testing the motion of the defendant for summary judgment this court examines and considers the whole record before it and may even consider the sufficiency of the complaint although no motion has been directed to it. Moore v. Pinkert, 28 Ill App2d 320, 171 NE2d 73. We thus come face to face with the question whether as a matter of law the affidavit and motion of the defendant support the judgment that the plaintiff take nothing by her suit. We are impelled to hold that they do not.

The cases are legion which hold that the Dram Shop Act and the Wrongful Death Act create different statutory rights and duties. Their differences, history, philosophy and purposes have recently been amply and fully considered by our Supreme Court. Knierim v. Izzo, 22 Ill2d 73, 174 NE2d 157; Cunningham v. Brown, 22 Ill2d 23, 174 NE2d 153. Lengthy analysis of these two cases would appear to be pointless duplicity. In Izzo, at page 79, the Court said:

"Because of these and other distinctions between the two acts we have held that the two acts are separate and distinct and that the nature and amount of damages provided for in the Liquor Control Act are not to be limited (O'Connor v. Rathje, 368 Ill 83, 12 NE2d 878) or expanded (Howlett v. Doglio, 402 Ill 311, 83 NE2d 708, 6 ALR2d 790) by the provisions of the Wrongful Death Act. . . .

"A comparison of the two acts reveals that the General Assembly did not contemplate that the Wrongful Death Act should supplant or supplement the remedy it carefully created and limited."

We would not quarrel with this statement if we could. We could not quarrel with it if we would. We have carefully studied both acts and there is nothing in either that suggests that either the one or the other is a delimitation of or an enlargement of the other. We can find nothing in either that suggests that the pursuit of a remedy under one against a certain class of wrongdoers is an election to abandon any suit against another class of wrongdoers under the other.

In Cunningham, the Supreme Court held that the Dram Shop Act provides the only remedy against tavern operators and owners of tavern premises for injuries to person, property or means of support, by an intoxicated person or in consequence of intoxica-

tion. It refused to allow a common law action not based on the Act. It thus seems clear that to bar this action, as we are asked to do, exculpates the defendant tavern operator from liability by the use of a statute which does not control her. It would exculpate her because of payments made by others under a statute which was not intended either to supplant, enlarge or supplement the Dram Shop Act.

The defendant urges, however, that to permit recovery in the instant suit is to permit a double recovery or double satisfaction for a single injury. But does it? We necessarily observe that there was but one death—but one basic injury from which the damages flow. We also necessarily observe that, in our modern economy, the damages flowing from this one death may, realistically, be in excess, as a matter of fact, of the aggregate permissible recovery under both acts. In each act the legislative dollar ceiling is the only recoverable loss under the particular act. We do not understand the legislature to have established the total "loss of support" or "pecuniary injuries" actually sustained, but only the limit recoverable under each act. Under the proposed amended complaint, the totality of damage from the single death is alleged to be $42,500. $22,500 has been paid by others and should be properly credited. How can it be said that the recovery of the $20,000 balance under the Dram Shop Act permits a double recovery or double satisfaction in whole or in part?

But the defendant suggests that since "pecuniary injury" under the Wrongful Death Act includes "loss of support" under Dram Shop, payment under the former necessarily includes satisfaction of "loss of support" under the latter. That "pecuniary injuries" comprehend and include "loss of support" is well established. McClure v. Lence, 349 Ill App 341, 110 NE 2d 695; McCormick v. Kopmann, 23 Ill App2d 189, 161 NE2d 720; Hall v. Gillins, 13 Ill2d 26, 147 NE2d 352.

We neither quarrel with that principle nor do we repudiate it. The term "pecuniary injuries" is much broader in scope than "loss of support." Hall v. Gillins, noted above. Where the plaintiffs are widow and lineal kinsmen a presumption of loss arises from the relationship without proof of actual loss. Howlett v. Doglio, 402 Ill 311, 83 NE2d 708. It even includes loss of instruction and moral and intellectual training brought about by the death of the father. Goddard v. Enzler, 222 Ill 462, 78 NE 805. It is abundantly clear that "loss of support" and "pecuniary injuries" are not synonymous. Since they are not as a matter of law synonymous, nor do they embrace the same considerations, how can we say they are mutually exclusive as a matter of law.

■ In the case at bar, the plaintiff alleges a totality of loss from a single death of $42,500. We approve plaintiff's willingness to credit $22,500 already received for "pecuniary injuries" to reduce the totality of damages. In so doing, we merely approve the philosophy of Aldridge v. Morris, 337 Ill App 369, 86 NE 2d 143, that we are not "adjusting the burdens of misconduct but merely assuring a single recovery for the damages sustained, rather than sanctioning as many complete recoveries as there may be defendants." Under the proposed amended complaint the plaintiff will receive no double recovery either in whole or in part. By recovering the maximum under the Dram Shop Act, she will recover only the totality of damages she says she has sustained. Under the pleadings in this case, the fact of total damages amounting to $42,500 is a triable issue, the payment of $22,500 is not disputed and the balance of $20,000 is necessarily a triable issue of fact. Under the issues made by these pleadings the elements comprising the $22,500 are immaterial. DeLude v. Rimek, 351 Ill App 466, 115 NE2d 561. It is the fact of $22,500 credit that alone is material. Its component parts are no concern

501

either of court or jury. Either court or jury, as the case may be, will determine only the totality of damage, apply the credit and find the balance due, if any, under proper instructions by the court as suggested in Aldridge, if a jury trial.

We do not wish to be understood as repudiating the doctrine of DeLude v. Rimek, 351 Ill App 466, 115 NE 2d 561, that the court should apply the credit pro tanto after judgment. Either method may appropriately be used under appropriate circumstances and appropriate pleadings. Here the plaintiff, by her pleadings, has made the issue and is bound by them. We apprehend there may be circumstances where the principle of DeLude will accomplish justice where that of Aldridge may not. In either event, the trial court must be alert to the proper use of the principle that it may not be used as a devastating trial tactic by either side.

We are fully aware that there is language in the cases above cited and in others which appears to militate against the conclusion we reach. Through them all runs the theme that it is abhorrent to natural as well as man made justice that there should be a double recover for the same injury. On that platform they properly stand. On that same platform we too stand. None of them, so far as we can ascertain, were confronted with the factual actuality, as we are, that there can be no double recovery under the allegations of the instant complaint. What the end result in this case may be we do not even conjecture. Suffice it to say that the totality of injury dollar-wise, reduced by payments already made for the same injury, with an alleged balance due ought and does present a triable issue. Judicial precedent does not present an impossible barrier which we can neither scale nor penetrate. Inherent in the prohibition against double recovery is the salutary thought that, under the law, there is and should be an adequate recovery for every injury. We

deal with two statutes—statutes passed by our legislature to remedy, in a measure, the archaic principles and deficiencies of the common law. We approve the statement of Mr. Justice Cardozo in Van Beeck v. Sabine Towing Co., 300 US 342, 350, 81 L Ed 685 (1937) cited with approbation in Zostautas v. St. Anthony DePadua Hospital, 23 Ill2d 326, 334, 178 NE2d 303. He said: "It would be a misfortune if a narrow or grudging process of construction were to exemplify and perpetuate the very evils to be remedied." Defendant Dram Shop operator seeks to exculpate herself through the benefaction of others under a statute which does not concern her. She seeks to crawl under the protective umbrella of an act designed to affect only others. Her liability is under the Dram Shop Act, and only under it. Cunningham v. Brown, noted above. She is unharmed. She is not hurt. She will bear no additional burden dollar-wise. She will bear only that loss of support up to a maximum of $20,000 which the evidence will sustain. This the legislature has said she should do.

We necessarily conclude that the motion and the affidavits in support thereof are insufficient as a matter of law to support the judgment in bar. The trial court therefore erred in denying the plaintiff's motion to vacate the judgment and for leave to file an amended complaint. Accordingly, this cause must be reversed and remanded to the trial court with directions to grant the plaintiff's motion to vacate the judgment and for leave to file the proposed amended complaint, vacate the judgment in bar and to proceed in conformity with the views herein expressed.

Reversed and remanded with directions.

McNEAL, P. J. and DOVE, J., concur.