Mildred Valentine, Plaintiff-Appellee, v. Leona Peiffer, Conservator of the Estate of Raymond Peiffer, Incompetent, Billie Karyl Powell, Administrator of the Estate of Donald P. Powell, Deceased, Charles Davis and M. G. Thompson, d/b/a "The Senate," and Sycle & Keefe, Inc., d/b/a "National Wine & Liquor Stores," Defendants. Sycle & Keefe, Inc., d/b/a "National Wine & Liquor Stores," Defendant-Appellant.

Gen. No. 10,558.

Fourth District.

December 1, 1964.

Rehearing denied January 4, 1965.

James A. Frederick, of Springfield, and Green and Hoagland, of Alton (James K. Almeter, of counsel), for appellant.

Greanias & Owen, of Decatur, for appellee.

SPIVEY, J.

This is a dramshop case which was tried to verdict in the Circuit Court of Macon County. The jury awarded Plaintiff, Mildred Valentine, $15,000 for personal injuries sustained by her in an automobile collision. De-

fendants, Sycle & Keefe, Inc., d/b/a "National Wine & Liquor Stores," and Charles Davis, d/b/a "The Senate," were charged with serving alcoholic liquor to and causing the intoxication of the driver of an automobile which collided with the vehicle in which Plaintiff was riding. It is agreed that Plaintiff sustained serious personal injuries and that the jury verdict was the maximum permitted under the statute (Ill Rev Stats c 43, § 135 (1961)).

This case brings us fairly to grips with one of the perplexing and uncharted courses of procedure which has confronted our Bench and Bar. In this case a claim was also made against the intoxicated person and Plaintiff's own driver under the common-law action. Plaintiff sought $100,000 in damages from these two defendants as well as $15,000 from the dramshop Defendants. Just before the case was called for trial a settlement conference produced offers of $20,500 on the basis of covenants not to sue from the common-law defendants and the claims against them were dismissed without prejudice. After the verdict, the dramshop defendants, Sycle & Keefe, Inc., (hereinafter referred to as Defendant), claimed that the offers of $20,500 were in fact settlement agreements and that they were entitled to have the judgment reduced by the amount of the agreements. Defendant also contended that the verdict of $15,000 fixed the totality of plaintiff's damages and that since she had recovered an amount in excess of this under her common-law action, she could not recover from them in any event. Appropriate post-trial relief was requested and hearings were held.

The trial court held that the negotiations with the common-law defendants did not constitute a settlement agreement, but rather, consisted of offers only and that no consideration was received by Plaintiff. The

court further held that the verdict did not fix Plaintiff's total damages, that the judgment had not been satisfied and that Defendant was seeking to take refuge from its liability to Plaintiff as determined by the jury for its part of her total injury.

In the view we take of this problem, it is not necessary for us to decide whether or not there was an executed settlement agreement in the nature of a covenant not to sue. There is reason and need for a means whereby a litigant may deal with dramshop and common-law defendants together and separately, and make such compromise of either claim in such order as will facilitate the compromise and settlement of disputes within the limits of the remedies conferred by the common law or the statutes and according to the public policy of this state. This court is aware of the artificial atmosphere prevailing in this type of case resulting solely from the limitation of recovery under the statute and the willingness of the dramshop carriers to take refuge in the sophistry of the argument they present to this court.

Defendant's contention that it is entitled to satisfaction of the judgment by reason of the settlement must be sustained if the verdict of the jury fixed Plaintiff's total damages. Burger v. Van Severen, 39 Ill App2d 205, 188 NE2d 373; De Lude v. Rimek, 351 Ill App 466, 115 NE2d 561, but cannot be sustained if the verdict is not representative of Plaintiff's true loss. Slone v. Morton, 39 Ill App2d 495, 188 NE2d 493.

There is no question that Plaintiff had a right to submit to the jury a claim for the maximum award allowed her under her dramshop remedy. It was not her duty to inform the court of the covenant not to sue, if such an agreement was reached, nor was it her obligation to prove her total loss. As the pleadings stood

when the cause was submitted to the jury, there was no indication so far as the record was concerned that Defendant questioned the right of Plaintiff to recover $15,000 from it. There was no pleading to show that a covenant not to sue had been executed. There was no request for mitigation, satisfaction or extinction of the claim and there was no request for the jury to fix Plaintiff's total damages. We see no reason to expect Plaintiff to undertake such action. Plaintiff had a right to bring a suit for $15,000 against the dramshop defendants and had no duty to raise any issue to establish an affirmative defense for dramshop defendants.

In Slone v. Morton, 39 Ill App2d 495, 188 NE2d 493, by motion for summary judgment the defendant set up payment by the common-law defendants of a sum in excess of the dramshop limitation as a defense. Thus to state a cause of action, the plaintiff was obliged to plead that his total damage exceeded the dramshop limit. However, it should be noted that there the defendant, who sought to take advantage of the limitation, caused issues to be drawn which would require an adjudication of the plaintiff's total damages.

In the instant case, Defendant's claim for satisfaction, mitigation or extinction of its liability was first raised in a petition to file an affirmative defense after the verdict. The record shows no action or attempt by defendant to apprise the trial court of the claimed settlement agreement before the issues were submitted to a jury. It is apparent to us that at the time of defendant's post-trial procedure, the defendant recognized that the burden of showing Plaintiff's total loss was upon it. However, prior to verdict it took no action to demonstrate to the trial court that the total loss was $15,000. Rather, it asked the court

after verdict to hold that plaintiff was obliged to prove that her total loss exceeded the sum of $15,000 even though no such issue was raised by the pleadings prior to verdict.

The question must be asked, "For whose benefit would such a finding be made?" If Plaintiff has in fact entered into a covenant not to sue, the common-law defendants would have no interest in determining Plaintiff's total damage. Plaintiff has no need to establish total damages because defendant had not previously challenged her right to recover $15,000 from it. Only defendant may profit by an adjudication of total damages; thus it hardly seems reasonable to cast upon plaintiff the burden of establishing the essential element of defendant's affirmative defense.

Such a procedure is not contemplated by the Civil Practice Act, (Ill Rev Stats, c 110, § 43(4) (1963)) provides:

> "The facts constituting any affirmative defense, such as payment, release, satisfaction, discharge, license, fraud, duress, estoppel, laches, statute of frauds, illegality, that an instrument or transaction is either void or voidable in point of law, or cannot be recovered upon by reason of any statute or by reason of nondelivery, want or failure of consideration in whole or in part, and any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in the complaint, counterclaim, or third-party complaint, in whole or in part, and any ground or defense, whether affirmative or not, which, if not expressly stated in the pleading would be likely to take the opposite party by surprise, must be plainly set forth in the answer or reply."

481

Had the command of the statute been followed, and had defendant alleged the payment of a sum in excess of the permissible recovery under the Dram Shop Act, and the bar of the action, then plaintiff would have been obliged to meet this issue.

It is not every award which fixes the total damages sustained by a party. It should be obvious to all that in those cases where the legislature has placed an arbitrary limit upon a statutory recovery, a maximum verdict does not necessarily fix total damages. For instance, in the case of Trans World Air Lines, Inc. v. Shirley, 295 F2d 678, an award of $200,000 for death was returned. In Illinois, a maximum recovery would have been $30,000, even though the evidence would have been identical. Thus it is apparent that every verdict does not represent an adjudication of total damages, especially where there is a statutory limitation on recovery.

The court considered the problem of total damages in the case of Slone v. Morton, supra. The case involved an action for wrongful death and loss of support under the Dram Shop Act. The court said:

"The defendant urges, however, that to permit recovery in the instant suit is to permit a double recovery or double satisfaction for a single injury. But does it? We necessarily observe that there was but one death—but one basic injury from which the damages flow. We also necessarily observe that, in our modern economy, the damages flowing from this one death may, realistically, be in excess, as a matter of fact, of the aggregate permissible recovery under both acts. In each act the legislative dollar ceiling is the only recoverable loss under the particular act. We do not understand the legislature to have established the total 'loss of support' or 'pecu-

niary injuries' actually sustained, but only the limit recoverable under each act."

Defendants rely upon certain language in some opinions to support their claim that they are entitled to mitigation or satisfaction of every judgment where there has been a settlement with another person who also was concerned in the commission of the tort and infliction of the injury.

However, a careful examination of the cases will show that the courts have only permitted satisfaction or mitigation of a party's *total damages*. Burger v. Van Severen, 39 Ill App2d 205, 188 NE2d 373; Price v. Wabash R. Co., 30 Ill App2d 115, 174 NE2d 5. It is not every verdict which may be reduced by a previous settlement agreement.

Defendant contends that the trial court had no right to assess Plaintiff's total damages after verdict and that such an assessment would violate Defendant's right to trial by jury. By the same token, could the trial court or this court determine that Plaintiff's total damages were only $15,000? The question provides its own answer. The trial court did not and could not fix Plaintiff's total damages. The court merely found "that the verdict in the instant case, being the maximum permitted by the Dram Shop Act and limited by the jury instructions, was not a finding by the jury of the total damages and was not the total ad damnum claimed in the cause, that the injuries of the plaintiff were admittedly severe and extensive and all parties including the defendant dramshops proceeded in the pretrial, the negotiations now in controversy and the trial on the basis of the plaintiff's damages were in excess of the sums now in question."

Justice and the applicable portions of the Civil Practice Act would seem to require that the party who attempts to reduce recovery by an affirmative defense

should be charged with the burden of proving that defense. Consequently, defendant by appropriate pleading before verdict should have called to the court's attention the settlement so that plaintiff would then have had the opportunity to claim damages in excess of the statutory maximum. In keeping with the policy of nondisclosure of settlements, as established in the case of De Lude v. Rimek, 351 Ill App 466, 115 NE2d 561, we see no reason why the jury could not have been requested to fix plaintiff's total damages without reference to the statutory limitation and then let the court limit recovery in post-trial proceedings. Considering the record in this case, the court did not err in refusing to satisfy or mitigate the judgment against Defendant. The judgment of the Circuit Court of Macon County is affirmed.

Affirmed.

SMITH, P. J. and DOVE, J., concur.