Robert Haupt, Individually and Robert Haupt for the Use and Benefit of Anna Marie Haupt, and Anna Marie Haupt, Plaintiff-Appellant, v. Carleen Golick, Administrator of the Estate of William A. Golick, Deceased, or in the Alternative, Marilyn Walgenbach, Administrator of the Estate of Edward Walgenbach, Deceased; Rudolph Stubler and Willis Mortenson, d/b/a Royal Bowling Lanes, Rudolph Stubler and Willis Mortenson, Francis Kirbach, d/b/a Fran's Tap, Louis Orlandini, Serafino Bassetti, d/b/a Bassetti's Tavern, Illinois Valley Realty Company, Inc., a Corporation, George Meyers, d/b/a Town Tap and Mrs. J. J. Neary, Defendants-Appellees.

Gen. No. 64-59.

Third District.

April 12, 1965.

Kevin Kelly, of LaSalle, for appellant.

Hupp & Irion, of Ottawa, for appellees.

ALLOY, P. J.

This cause is before us on appeal from the action of the Circuit Court of LaSalle County in allowing as a credit against a judgment of $30,000 rendered on a jury verdict, the sum of $8,600 paid in settlement of dramshop liability to Anna Marie Haupt, the wife of the injured plaintiff. The plaintiff Robert Haupt was given a verdict of $30,000 by a jury against defendants Carleen Golick, as administrator of the estate of William A. Golick, deceased, and Marilyn Walgenbach, as administrator of the estate of Edward Walgenbach, deceased. The action against these defendants was based upon common law negligence counts for injuries sustained by plaintiff in an automobile accident.

In other counts the plaintiff sought damages for such injuries sustained against certain dramshop defendants, charging that the dramshop defendants sold intoxicating liquors to Golick and Walgenbach just prior to the accident. In the complaint as originally filed, plaintiff, for the use and benefit of his wife, Anna Marie Haupt, also claimed damages against said dramshop defendants for damage sustained by the said wife in her means of support and to her property by reason of the injuries to her husband. Among other elements of damage claimed by plaintiff were wages lost and moneys expended for medical expenses. These two elements were elements of damage in Anna Marie Haupt's complaint for loss of means of support as against the dramshop defendants. At the trial, evidence was produced that the lost wages amounted to $3,941 and the medical expenses amounted to $5,161.-40 for a total of $9,102.40.

Prior to the trial, Anna Maria Haupt settled her claims against the dramshop defendants for the sum of $8,600 and gave her covenant not to sue such dramshop defendants. She voluntarily dismissed her counts as against the dramshop defendants and plaintiff

likewise dismissed his counts as against such dramshop defendants. The case then proceeded to trial as against the remaining defendants and the verdict was rendered in the sum of $30,000 in favor of plaintiff. After judgment was entered on the verdict the remaining defendants filed a post-trial motion claiming a credit of $8,600 as against the judgment of $30,000, and the trial court allowed said credit and reduced the judgment to $21,400.

On appeal in this court, plaintiff contends that the court improperly allowed such credit. The trial court in passing upon the motion to have such credit allowed, found that the jury in the case had found the total damages sustained by the family unit, and that such damages included the husband's loss of earnings and medical expenses. Plaintiff contends on appeal that he has been deprived of an adequate recovery when a credit is allowed and that allowing credit of amounts received for loss of means of support as against a recovery by the person injured was improper; that from the single accident or basic injury, damages may flow thereby entitling the persons who sustained the damage to separate causes of action and recoveries.

Defendants point out that both the wages lost by the plaintiff and the moneys expended by him for medical bills and expenses are truly damages sustained by Anna Marie Haupt, his wife, to her property or means of support; that since they constitute elements, damagewise, of her right of action against the dramshop defendants and were likewise damages to plaintiff Robert Haupt, and specifically presented for the consideration of the jury in arriving at the verdict of $30,000, the allowance of the credit was proper. Defendants basically contend that these two specific elements of damage can be recovered but once whether by the wife Anna Marie Haupt or by the plaintiff Robert Haupt himself.

■ All parties recognize the principle which is clearly established in Illinois law that for one injury but one satisfaction may be had irrespective of the fact that there may be available, multiple remedies and actions (McClure v. Lence, 345 Ill App 158, 102 NE2d 546; Dini v. Naiditch, 20 Ill2d 406, 426–427, 170 NE2d 881). In the McClure v. Lence case, supra, plaintiffs had filed an action for damages as against a dramshop defendant for injury to their means of support growing out of the death of their respective minor children. A special defense was raised by the dramshop defendant in his answer based on the execution of three releases by the administrators of the minor children given to the railroad after the automobile was struck by a railroad train. A contention was made that the releases were given for the same deaths as were being sued for and represented full compensation for loss of support in favor of the next of kin. The court on appeal pointed out that where the injury results in death, under circumstances where the decedent himself might have maintained an action for injuries had he lived, a situation is created where two remedies are potentially available to the next of kin, one for pecuniary injuries under the Injuries Act and another for loss of means of support under the Dramshop Act. The court went on to point out that this conclusion did not mean that the legislature by its action intended that the two recoveries should be available for one single ascertainable injury. It pointed out in answer to such contention, at page 165: "We think not, for overriding all of the multiple remedies and actions created by these two statutes, is the salutary principle rooted deeply in our law that for one injury but one satisfaction may be had . . . While it is no defense for the wrongdoers that others, whether jointly or independently, have aided in causing the harm, that does not mean that an injured party has a right to

484

derive a profit from his injury." The court went on to point out that while multiple actions may grow out of a death, including creating liability under the Dramshop Act, any such actions are limited by the rule that for a single injury but one satisfaction may be had and that the injury to "means of support" is necessarily included in the "pecuniary" injury for which recovery is permitted under the Injuries Act. The court then pointed out that the releases which were given legally imported a satisfaction of said injuries.

■ Any double recovery of the elements of damage (the lost wages and medical expenses) which may have been paid to Anna Marie Haupt by virtue of the settlement with the dramshop defendants was properly obviated by the court in deducting the sum so paid to her from the amount determined by the jury to be Robert Haupt's total damages (Dini v. Naiditch, 20 Ill 2d 406, 426–427, 170 NE2d 881; Kelly v. Hughes, 33 Ill App2d 314, 318, 179 NE2d 273). While it was the function of the jury to find the plaintiff's total damages, it was the proper function of the court, on application of the defendant after verdict, to find the amount by which the verdict should be reduced by virtue of the covenant not to sue (Burger v. Van Severen, 39 Ill App2d 205, 215, 188 NE2d 373).

On appeal in this case, Plaintiff cites the case of Slone v. Morton, 39 Ill App2d 495, 188 NE2d 493, and Valentine v. Peiffer, 53 Ill App2d 477, 203 NE2d 179, as precedents for reversal of the action of the trial court in the case before us. The Slone v. Morton case involved an action where the widow of decedent (who was killed by the wrongful act of an intoxicated person) had two avenues of recovery—the Wrongful Death Act and the Dramshop Act. Under the Wrongful Death Act the recovery was limited to $30,000 and under the Dramshop Act it was limited to $20,000. The widow as administrator, settled the wrongful death

485

action on a covenant not to sue for $22,500. The question then remained, did she have the right to proceed as against the dramshop defendant to recover the remaining $20,000 of damages which she contended she suffered. The court on appeal concluded that she had the right to proceed and prove her total damages, and that if she could prove that her total damages by reason of her husband's death were in fact $42,500, she was entitled to recover $20,000 from the dramshop defendant. The court pointed out clearly that it was not sanctioning a double recovery but stated specifically that proper credit for the $22,500 already paid to her should be given; that the court or jury as the case may be will determine only the totality of damage, applying the credit and finding the balance due, if any, under proper instruction or the court could apply the credit pro tanto after judgment. In the recent case of Valentine v. Peiffer, supra, the court pointed out that the plaintiff in the automobile accident case was properly permitted to recover the $15,000 statutory maximum as against the dramshop defendants regardless of the alleged settlement from others, where these dramshop defendants did not attempt to raise the issue of total damages until post-trial proceedings. The court pointed out that the jury could have been requested to fix plaintiff's total damages without reference to the statutory limitation and then let the court limit the recovery in post-trial proceedings. There was no attempt in such case to determine plaintiff's total damages.

In case before us the trial judge was advised that a settlement had been effected as between Anna Marie Haupt and the dramshop defendants in the sum of $8,600 before trial. There were motions and counter-motions as to the advisability of advising the jury of the settlement and letting the jury hear the evidence as to the elements covered by the settlement. In the

486

trial of the case the jury was not advised of the settlement but was advised that medical expenses and the loss of wages were proper elements for consideration by them in reaching their verdict. As far as the record shows, the jury found the total damages to plaintiff to be $30,000. Mitigation of such total damages was allowed in effect, only to the extent that medical expenses and loss of wages have already been reimbursed by reason of the settlement. So far as the record is concerned, it appeared to be the only realistic way in which a double recovery of these elements could be avoided. The elements of damage claimed by Anna Marie Haupt, and apparently compromised in her settlement, were also embraced in the Robert Haupt action and verdict (Ill Rev Stats, c 43, par 135; McMahon v. Sankey, 133 Ill 636, 644-5, 24 NE 1027).

We must, therefore, conclude, on the record before us, that, since the same elements which were proven and considered by the jury in determining the totality of plaintiff's damages entered into the settlement by the wife of plaintiff, the action of the trial court in allowing the credit of $8,600 was proper and should be affirmed.

Affirmed.

STOUDER and CORYN, JJ., concur.