Paul V. Byrne, Jr., Plaintiff-Appellant, v. Loretto Tennes, Jane Doe, Richard Roe, as Trustees of the Thomas Byrne Estate Liquidation Trust, Defendants-Appellees.

Gen. No. 50,633.

First District, Third Division.

April 14, 1966.

Joseph Keig, Sr., of Chicago, for appellant.

Quinn, Jacobs & Barry, of Chicago (Alfred P. Bianucci and Francis E. Schlax, of counsel), for Loretto Tennes, as trustee, defendant-appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In an action for an accounting by a beneficiary of the Thomas Byrne Estate Liquidation Trust (liquidation trust), the court granted the defendant-trustee's motion for summary judgment. Plaintiff contends that this was improper because the pleadings raised material issues of fact which remained unsettled.

The complaint alleged that the beneficiary's share of the liquidation trust was "at least $3,800," and that defendant, the sole surviving trustee, had paid plaintiff only $143.23. In her answer defendant denied the material allegations of the complaint and filed an affirmative verified defense, alleging that she had paid the beneficiary the share to which he was entitled. In support

of her position she attached to her answer photocopies of four checks totaling $3,643.23, three signed by defendant, and the fourth, dated August 8, 1957, signed by Thomas A. Byrne who had also been a trustee until his death. These checks were payable to plaintiff, were indorsed to him, and were duly paid.

Defendant filed a motion for summary judgment, accompanied by an affidavit, restating her position that plaintiff had been fully compensated according to the terms of the trust. Plaintiff filed no counteraffidavits in opposition to that motion. He had previously filed two sets of interrogatories which sought information concerning the sale of the trust assets and the distribution of proceeds to the beneficiaries, and in subsequent correspondence between the parties, the defendant responded thereto. When plaintiff continued to express dissatisfaction with the information received, the defendant-trustee wrote him a letter dated January 6, 1965, a copy of which was filed with the trial court, setting forth the background of the formation of the liquidation trust, the distribution of assets, and the income and expenses of the trust since its creation. Included in the statement was a specific account detailing plaintiff's interest in the trust and the payments made in satisfaction thereof. The court asked the parties to submit additional memoranda, which was done, and upon consideration of the pleadings and documents, granted defendant's motion for summary judgment.

The facts gleaned from defendant's documents, which are unrebutted by plaintiff, show that the liquidation trust was created in 1950 by the beneficiaries of an inter vivos trust established in 1929 by Thomas Byrne. Upon the expiration of the earlier trust, the beneficiaries proposed to convert the assets, consisting primarily of real estate, into cash and to distribute the proceeds among

themselves. The great bulk of the assets were sold within a year of the formation of the liquidation trust.

Mabel Byrne, an aunt of the plaintiff, owned a one-sixth interest in the proceeds held by the liquidation trust, her share amounting to $179,425.79. At her death in 1955, a distribution and credits for advancements totaled $132,154.49, leaving a balance due her estate of $47,270.80. Plaintiff, a beneficiary under Mabel Byrne's will, received a one-thirteenth interest in the balance of $3636.23.

During 1957 the plaintiff received from the trustees three checks totaling $3500. According to the trustees' account this reduced the amount owing to plaintiff to $136.23. In 1963 a check for $143.23 was mailed to plaintiff in final satisfaction of his interest in the liquidation trust. This, in fact, was an overpayment to him of $7, as shown by the trustee's statement of plaintiff's interest and equity as of January 1963. That was the check which provided plaintiff with the figure used in his complaint and which was the basis for his conclusion that defendant had wrongfully reduced his share to that amount.

Plaintiff argues that his failure to file a counter-affidavit in opposition to defendant's motion for summary judgment should not preclude his right to an accounting. That would depend upon the affirmative matters alleged by defendant in her affidavit in support of her motion for summary judgment, and that affidavit stated that plaintiff's interest had been fully satisfied. Failure to deny the receipt of the funds paid plaintiff by check or to controvert the items set forth in the affidavit or to point out wherein the affidavit was inadequate constitutes an admission that it was correct. Slone v. Morton, 39 Ill App2d 495, 188 NE2d 493; Tuohey v. Yellow Cab Co., 33 Ill App2d 180, 180 NE2d 691.

The documents, accounts and other material submitted to plaintiff and filed with the court set forth in

234

detail the income and expenses of the trust, the transactions of sale consummated and the distribution of proceeds. It was, in fact, the accounting which the plaintiff sought. There was no genuine issue of fact to be tried. The trial court properly allowed the motion of defendant for summary judgment.

The judgment is affirmed.

Affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.