VERNE WITEK, Individually and as Adm'r of the Estate of Stanley J. Witek, Deceased, Plaintiff-Appellant, *v.* LEISURE TECHNOLOGY MIDWEST, INC., *et al.,* Defendants-Appellees.

Second District (1st Division)    No. 75-199

Opinion filed June 28, 1976.

638

Dwight C. Adams, of Villa Park, for appellant.

Robert M. Bollman, of Diver, Ridge, Brydges & Bollman, of Waukegan, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The single issue before us is whether a release executed by the administrator of an estate in settlement of a claim under the Wrongful Death Act precludes a subsequent recovery by the lineal heirs of the deceased for loss of support under the Dramshop Act.

Stanley J. Witek was killed on August 22, 1973, as the result of a collision between his vehicle and a train operated by the Chicago, Milwaukee & St. Paul Railroad. Verne Witek, the widow of the deceased, individually and as administrator of her husband's estate and for the use and benefit of their minor child James Witek, filed suit against the defendant, Leisure Technology Midwest, Inc., a corporation, the operator of the dram shop and joined the owners and mortgagees as defendants. She alleged that the death resulted from the intoxication of the deceased caused by the defendants. Defendants answered denying generally the allegations of the complaint. Thereafter, defendants filed a motion for summary judgment based on plaintiff's answer to interrogatories, alleging that the estate of Stanley J. Witek, deceased, had received $10,000 in settlement of the claim against the railroad and had executed a complete release. The trial court granted defendants' motion for summary judgment and entered judgment in favor of the defendants. Plaintiff appeals.

She contends that the cause of action under the Wrongful Death Act (Ill. Rev. Stat. 1973, ch. 70, par. 2) is separate and distinct from the remedy under the Dramshop Act (Ill. Rev. Stat. 1973, ch. 43, par. 135), and that a settlement under one act does not preclude an action under the other. Defendants respond that there may not be more than one recovery

of damages for a single indivisible injury and that the release is conclusive evidence of full satisfaction.

In her reply brief plaintiff makes the additional claim that the minor child, James Witek, has a right to pursue the dram shop action in his own name and that the minor did not and could not execute a release without the separate order or court allowing the settlement of the minor's cause of action. Defendants have filed a motion to strike that portion of the reply brief on the ground that the point was not raised in the trial court nor in the appellant's brief and is therefore beyond the permissible scope of a reply brief under Supreme Court Rule 341(g) (Ill. Rev. Stat. 1973, ch. 110A, par. 341(g)). We have taken the motion with the case.

■■■ It has long been established in Illinois that a full release given for an indivisible injury to any one of those concurring in its cause releases both joint and independent concurring tortfeasors. *(Manthei v. Heimerdinger,* 332 Ill. App. 335 (1947).) In *Manthei v. Heimerdinger,* the plaintiff received injuries as the result of an automobile accident. The cause of action against the driver charged with negligence was settled and a release given. Later, plaintiff sought recovery under the Dramshop Act from the tavernkeeper who had allegedly caused the intoxication of the driver. Defendant moved to strike the complaint, the trial court entered judgment dismissing the complaint and the appellate court affirmed. In its opinion the court stated (on page 353):

> "The injury appellant received was a single indivisible one as a result of the tortious act of Jan Kerch. The damages he sustained are inseparable and the overwhelming weight of authority applicable under these conditions is that the ancient rule of the release of one operates to release all applies indiscriminately, *i.e.,* to both types of tortfeasors, joint and independent concurring tortfeasors. *(Muse v. De Vito,* 243 Mass. 384, 137 N.E. 730; *McKenna v. Austin,* 134 F.(2d) 659, 669.)"

In *McClure v. Lence,* 345 Ill. App. 158 (1951), a release given by the administrator in settlement of a possible cause of action under the Wrongful Death Act was held to bar a claim by the administrator against a dram shop. The appellate court noted the distinctions between the theory of recovery under the Wrongful Death Act (*i.e.,* "pecuniary injury") and that under the Dramshop Act (*i.e.,* "injury to means of support") and concluded that separate remedies were intended under each of the acts. It further concluded, however, that since the injury to "means of support" was included in "pecuniary injuries" two recoveries were not available for a single ascertainable injury. The court stated on pages 167-168:

> "Moving to the facts here presented we are met with a release of the cause of action created under the Injuries Act. This must be

taken under the law of Illinois to import a satisfaction of the claim of the next of kin for 'pecuniary injury' the measurement of which in turn necessarily included any loss based upon any of the decedents' actual support of plaintiffs. This release, of course, could have no effect upon anyone claiming an injury to property under the Dram Shop Act or upon any 'other person' presenting an injury under such act who was not identified in interest with the next of kin or who had not benefited by the proceeds prompting the release. But we do not believe the legislature intended to go so far as to permit the next of kin to recover twice their damages based on what support the decedent was actually contributing at the time of his death. The facts of each case must be analyzed to determine whether two, or possibly even more, separate legal injuries have resulted from one death. The guiding query in each case is: has the injury upon which this action is based already been satisfied or released?"

(See also *Hall v. Gillins*, 13 Ill. 2d 26, 31 (1958); *McClure v. Lence*, 349 Ill. App. 341, 344-46 (1953); *cf. Haupt v. Golick*, 57 Ill. App. 2d 481, 484-85 (1965), and *Jackson v. Hursey*, 1 Ill. App. 2d 598, 607 (1954), stating a different rule as to covenants not to sue.) *Slone v. Morton*, 39 Ill. App. 2d 495 (1963) and *Hyba v. C.A. Horneman, Inc.*, 302 Ill. App. 143 (1939), cited by plaintiff, involve covenants not to sue rather than releases and are therefore inapplicable here.

A release for a consideration is conclusively presumed to be given in full satisfaction of the injury. *Manthei v. Heimerdinger*, 332 Ill. App. 335, 347 (1947). See also *Cwik v. Condre*, 4 Ill. App. 2d 380, 384 (1955).

Accordingly, we find that the trial court did not err in granting defendants' motion for summary judgment.

■■ Defendants request that we strike that portion of the reply brief in which plaintiff argues that the minor did not sign the release nor join in it under a court order. While plaintiff is correct in her assertion that a parent has no right to settle a claim of a minor child without court approval (*Williams v. Williams*, 204 Ill. 44, 51-52, 55 (1903); *Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co. v. Haley*, 170 Ill. 610, 613-14 (1897)), there is no evidence in the record including the memorandum that was filed in the trial court by the plaintiff which would show that this issue was raised in that court. Contentions not raised in the trial court are waived on appeal. This rule of waiver applies even in a summary judgment case. (See *Anderson "Safeway" Guard Rail Corp. v. Champaign Asphalt Co.*, 131 Ill. App. 2d 924, 929 (1971).) We are aware, however, of the "Muscarello Doctrine" which states that the court has the duty to see that the rights of infants are protected and it is bound to notice substantial irregularities even though no objections have been made.

(*Muscarello v. Peterson,* 20 Ill. 2d 548, 555 (1960). See also *Allen v. Yancy,* 57 Ill. App. 2d 50, 61 (1965).) The record filed in this case does not contain a copy of the release or any of the negotiations or proceedings to obtain that release. This court may take cognizance of only those contentions which are supported by the record and counsel cannot supplement the record by unsupported statements in either his brief or argument. (*In re Annexation of Certain Territory,* 16 Ill. App. 3d 140, 145 (1973); *Baker v. Sauber,* 62 Ill. App. 2d 66, 72 (1965).) While this court may have a duty to protect minors it cannot do so when the information necessary to supply such protection is not contained within the record. Defendants' motion to strike is granted and the judgment of the trial court is affirmed.

Affirmed.

GUILD, P. J., and HALLETT, J., concur.