Louis Giampa, Plaintiff-Appellant, v. Sunbeam Corporation, Defendant-Appellee, and Robert Trinski, Defendant.

Orlando Cantanese, Plaintiff-Appellant, v. Sunbeam Corporation, Defendant-Appellee, and Robert Trinski, Defendant.

Gen. No. 50,533.

First District, Second Division.

February 8, 1966.

Kalcheim & Kalcheim, Elliott Kalcheim, Bernard Hammer and Charlotte Adelman, of Chicago, for appellants.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (Max E. Wildman, John M. O'Connor, Jr. and John W. Kearns, Jr., of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

This appeal is taken from an order allowing defendant Sunbeam Corporation's motion for summary judgment against plaintiffs in their actions for false arrest and malicious prosecution.

Plaintiffs Louis Giampa, Orlando Cantanese and Gilbert Gaudio filed their complaints against Chicago Police Officer Robert Trinski and the Sunbeam Corporation, alleging that on September 9, 1959, Officer Trinski, duly authorized agent and acting for and on behalf of Sunbeam Corporation, appeared before a judge of the Municipal Court and filed criminal complaints against the plaintiffs, charging them with conspiring to steal the "goods and property" of the Sunbeam Corporation. The complaints further alleged that Officer Trinski, again acting as agent for Sunbeam Corporation, pro-

cured a warrant for the arrest of plaintiffs and caused them to be taken into custody, that plaintiffs were released on bond, and subsequently were indicted by the Cook County Grand Jury. It was further alleged that Officer Trinski, acting as Sunbeam Corporation's agent, procured the State's Attorney to cause a capias to issue for the arrest of plaintiffs a second time, after which a trial was had on the criminal charges and plaintiffs' motion for a directed verdict of not guilty was granted.

Defendant Sunbeam filed answers to the complaints specifically denying that Officer Trinski was either its agent or was authorized to act in its behalf, and affirmatively stating that Officer Trinski was a Chicago Police Officer assigned to the State's Attorney's Office and acted solely under the direction and control of that Office. Sunbeam denied that it had at any time requested or authorized Officer Trinski to file criminal complaints against the plaintiffs or to procure a warrant for their arrests.

The plaintiffs' complaints were consolidated. Plaintiff Gaudio died during the pendency of these actions and his action against the defendants was dismissed.

A motion for summary judgment was filed by Sunbeam Corporation pursuant to section 57 of the Civil Practice Act, together with supporting affidavits, depositions and exhibits. The affidavit of John J. Dahm, an officer and agent of the Sunbeam Corporation, recited that he had knowledge of the loss by theft of property belonging to the Sunbeam Corporation; that he reported the same to the State's Attorney's Office which in turn assigned Officer Robert Trinski to investigate the matter; that Officer Trinski did in fact investigate the matter and did so under the direction and control of the State's Attorney's Office; that Sunbeam Corporation never requested anything of Officer Trinski, and specifically never requested Officer Trinski to procure a warrant for

the arrests of plaintiffs or to sign criminal complaints against them; that Sunbeam Corporation never directly acted to cause the arrests of plaintiffs; and that Sunbeam Corporation had no malice against any of the plaintiffs.

The affidavit of Frank J. Ferlic, the First Assistant State's Attorney, recited that he conferred with officers of the Sunbeam Corporation on July 25, 1959, concerning the theft of some $287,000 worth of property belonging to Sunbeam, and contacted the State's Attorney's Chief Investigator Paul Newey concerning the matter. Officer Robert Trinski was assigned to the case and reported his findings to First Assistant State's Attorney Ferlic. Ferlic and Trinski discussed the possibility of a criminal action against plaintiffs, and Ferlic directed Officer Trinski to procure a warrant for plaintiffs' arrests, after which Ferlic caused plaintiffs to go before the Grand Jury. The affidavit stated that Officer Trinski acted solely for and on behalf of the State's Attorney's Office and acted solely in an official capacity.

A deposition was taken from Officer Trinski wherein he stated that he was assigned to the Sunbeam investigation by Paul Newey. Before he caused plaintiffs to be arrested Officer Trinski stated that he discussed the matter with Frank Ferlic and that he, Trinski, signed the complaints against plaintiffs. Officer Trinski stated that except for the original conference with an officer of the Sunbeam Corporation at the outset of the investigation, he had no conversation with any officer of Sunbeam or with any of Sunbeam's attorneys prior to his signing of the complaints and his procurement of the warrants for the plaintiffs' arrests.

A deposition was also taken from plaintiff Giampa, and a stipulation was entered between Giampa and Sunbeam to the effect that Officer Trinski had caused his arrest. The criminal complaints against the plaintiffs were signed "Robert Trinski, State's Attorney's Police."

428

Plaintiffs filed an answer to defendant's motion for summary judgment, again alleging that "Robert Trinski acted as agent and servant of Sunbeam Corporation when he arrested plaintiffs," that "certain agents of defendant Sunbeam Corporation prosecuted plaintiffs through the State's Attorney of Cook County," and that all statements contained in Sunbeam's affidavit were self-serving, hearsay and conclusions. Plaintiffs filed no supporting affidavits or exhibits with its answer to defendant's motion for summary judgment.

Defendant's motion was allowed and judgment was entered against plaintiffs and for defendant's costs. The actions against Officer Trinski are still pending in the trial court and are not involved in this appeal.

Plaintiffs maintain that "ultimate material disputed questions of fact" exist as to whether Officer Trinski acted as Sunbeam's agent in procuring the arrests and prosecution of the plaintiffs and as to whether defendant Sunbeam procured the arrests and prosecution, and that the trial court erred in granting summary judgment.

 The purpose of the summary judgment proceeding is to avoid congestion of trial calandars and the expense of unnecessary trials, by summarily disposing of cases wherein is presented no genuine issue of material fact. Ill Rev Stats 1963, chap 110, par 57; Allen v. Meyer, 14 Ill2d 284, 292, 152 NE2d 576. The mere fact that an issue is raised by the pleadings does not of itself give rise to the right to a trial; the issue of fact which is raised must be a genuine issue of fact. As was stated in Roberts v. Sauerman Bros., Inc., 300 Ill App 213, at pages 217, 218, 20 NE2d 849:

> ". . . The fact that the pleadings joined issue does not prevent the entry of a summary judgment. The pleadings should be considered in order that the court may know what the issues are. Ordinarily, a motion for summary judgment presupposes that the pleadings properly join issue. If the pleadings

do not join issue, the usual practice is to dispose of them on motions to strike or to dismiss. A person may be able to state a good defense in a pleading, and yet when he is required to set up that defense in affidavits according to the requirements of Rule 15 of the Supreme Court, it may become apparent that he has no defense. If he has no defense, he is not entitled to a trial. The duty often devolves on the court during a trial to direct a verdict. Then the court decides that there is no issue of fact for the jury to pass upon. Likewise, on a motion for summary judgment, when there is no triable issue of fact, the court is bound to enter judgment accordingly. Where the affidavits of merit raise an issue of fact, the motion for summary judgment must be denied. . . ."

Upon the filing of a motion for summary judgment, the determination of whether there exists any genuine issue of material fact is to be predicated upon "the pleadings, depositions, and admissions on file together with affidavits, if any." If affidavits are filed they must conform to the requirements set out in Supreme Court Rule 15. Ill Rev Stats 1963, chap 110, pars 57(2), (3) and (4), 101.15.

In the instant case the complaints and the defendant's answers joined issue on the question of the agency of Officer Trinski to the Sunbeam Corporation. However, contrary to the plaintiffs' contention, no genuine issue as to the question of agency existed after the presentation of the affidavits and depositions filed in support of defendant's motion for summary judgment. Mr. Dahm's affidavit shows that Officer Trinski was never under the control or authority of the Sunbeam Corporation, but acted at all times as agent of the State's Attorney's Office. First Assistant State's Attorney Frank Ferlic's affidavit shows that Officer Trinski acted at all times as the agent of the State's Attorney's Office and took or-

ders only from that Office. The deposition of Officer Trinski was to the same effect. Furthermore, the record shows that the complaint was signed by Officer Trinski in his capacity as a State's Attorney's Police Officer.

■ No statements of fact under the Practice Act and Rule were presented by the plaintiffs which contradicted the matters contained in the affidavits filed by the defendant. Plaintiffs' answer to defendant's motion for summary judgment states only conclusions. Instead of setting out facts which would bear on the question of Officer Trinski's agency to the Sunbeam Corporation, plaintiffs merely state that "Robert Trinski acted as Sunbeam's agent and servant," that "certain officers of Sunbeam Corporation prosecuted plaintiffs through the State's Attorney's Office," and that "the question of agency is a matter for a jury." Merely by alleging that there exists a genuine issue of material fact does not create such an issue. Plaintiffs point to no fact which in any way tends to support their allegations that Officer Trinski acted as agent of the Sunbeam Corporation. On all the pleadings, affidavits and depositions, it clearly appears that no genuine issue of fact is presented.

Plaintiffs state in their brief that they are "prepared to prove with evidence that Officer Trinski was an agent of Sunbeam," but no such "evidence" is set out by way of affidavit, nor was it alleged who would testify to such facts on a trial. While plaintiffs' brief states that their complaints were accompanied by affidavits verifying all the facts contained therein, no ultimate facts were pleaded in the complaints but only conclusions, and no affidavits containing any ultimate facts appear in the record.

Plaintiffs' contention that Officer Trinski's agency is shown by "inference" from Officer Trinski's deposition wherein he stated that because Sunbeam's Attorneys were out of town, he took it upon himself to sign the com-

plaints against plaintiffs. Not only is this speculation, but the affidavits filed by defendant conclusively rebut any such alleged inference.

The cases cited by plaintiffs are distinguishable on their facts. In Brockie v. State Farm Mut. Automobile Insurance Co., 39 Ill App2d 159, 187 NE2d 538, the agency of defendant Stolper to the State Farm Insurance Company was properly pleaded by the plaintiff. The court there held that "there exists a real question of fact" as to whether Stolper, on behalf of State Farm, instituted a criminal action against plaintiff. No such "real question" exists in the case at bar. In Zimbon v. 1400 Lake Shore Drive Corp., 8 Ill App2d 554, 132 NE2d 51, plaintiff's complaint properly pleaded facts showing the agency and the authority of the defendant agent to act for and on behalf of the defendant corporation. In the instant case, however, plaintiffs fail to set out a single fact bearing on the question of agency.

Finally, there are absolutely no facts contained in either plaintiffs' original complaints or in their answer to defendant's motion for summary judgment to the effect that defendant Sunbeam "caused the arrests of plaintiffs through other agents." On the contrary, it clearly appears that the only action taken by any of defendant's agents was the report of the theft to the State's Attorney's Office and the consultation with First Assistant State's Attorney Frank Ferlic which prompted the investigation into the matter. Officer Trinski did not consult any one connected with Sunbeam concerning the possibility of a criminal action against the plaintiffs, but looked solely to Frank Ferlic for permission to cause the arrests of the plaintiffs. Again, plaintiffs merely plead a conclusion, unsupported by any facts through affidavits.

■ While it is true that certain matters contained in defendant Sunbeam Corporation's affidavits and depositions are hearsay and could not be testified to at a trial

432

by the party swearing thereto, nevertheless sufficient facts are brought out by the affiants and deponents, to which they could properly testify at trial, showing no agency between Officer Trinski and Sunbeam Corporation.

It is unnecessary to discuss the merits of the malicious prosecution actions with regard to malice and probable cause.

The judgment is affirmed.

Judgment affirmed.

BRYANT, P. J. and LYONS, J., concur.