**Eva Jane Shearer, Plaintiff-Appellee, v. Ernest Klostermann, Defendant, Gumprecht Trucking Co., a Corporation, John C. Kessler, Defendants-Appellants, and American Mutual Insurance Company, Garnishee-Defendant-Appellant.**

**Gen. No. 66–154M.**

Second District.

November 29, 1967.

Gates W. Clancy and Croft C. Waddington, of Geneva, for appellants.

Peregrine, Stime and Henninger, of Wheaton, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of DuPage County wherein the trial court entered a summary judgment on the plaintiff's motion and denied the defendant's motion to vacate. The judgment was for $1,850, together with costs.

On or about February 11, 1964, Eva Jane Shearer, while driving an automobile owned by her and insured by Hanover Insurance Co. of New York, was involved in a multiple-vehicle collision with a truck owned by Gumprecht Trucking Co. and operated by its employee, John C. Kessler, and an automobile operated by Ernest Klostermann. On the 21st of December, 1964, the plaintiff filed a complaint in the Circuit Court of McHenry County seeking to recover compensation for her personal injuries. On April 21, 1965, this subrogation action for property damage was filed in DuPage County in the name of the plaintiff. On August 30, 1965, the defendants, John C. Kessler and Gumprecht Trucking Co., presented a motion to consolidate this litigation in DuPage County with the McHenry County litigation on the basis that both suits arose from the same facts and occurrence and the parties to the law suits were identical. This motion was denied. On March 28, 1966, the jury returned a verdict in the amount of $10,000 against Gumprecht Trucking Co., its driver, John Kessler, and a judgment

on the verdict was entered in favor of the plaintiff in the Circuit Court of McHenry County. This judgment was satisfied. Subsequently, a motion for summary judgment was filed herein. Attached to the motion as exhibits were the motion to consolidate, which had heretofore been denied; a certified copy of the jury verdict; the judgment entered in McHenry County, and a sworn statement of proof of loss executed by Eva Jane Shearer to the Hanover Insurance Co. of New York, to which was attached a statement of loss showing damage in the amount of $1,900 and a payment of $1,850 signed by the Underwriters Adjusting Co. on behalf of Hanover Insurance Co. To this motion defendant did not file a counteraffidavit.

Defendant on this appeal contends that the trial court committed error in entering summary judgment on the basis of the foregoing documents.

The provisions of summary judgment are found in section 57 of the Civil Practice Act, chapter 110, section 57 (Ill Rev Stats 1965). This section provides that either party may move for a summary judgment in his favor as to all or any part of the relief sought. There is no need that the motion be supported by affidavit, but the requirement is simply that if from the record before the court there appears to be no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law, a summary judgment may be entered. Provision is made that if affidavits are filed the form and content shall be provided by rule.

Supreme Court Rule 15 (c 110, Supreme Court Rule 101.15) requires that affidavits in support of motions for summary judgment shall firmly show that the affiant, if sworn as a witness, can testify competently as to the contents.

It is apparent that the proof of loss attached to the plaintiff's motion for summary judgment executed by the plaintiff to the Hanover Insurance Co. of New York,

with a payment authorization of $1,850 signed by the Underwriters Adjusting Co. on behalf of the insurance company, is a far cry from the usual and customary proof required in proving damages to personal property. If the cause were tried on the merits it is obvious that the plaintiff could not competently testify that the insurance company paid her $1,850 as her measure of damages. Assuming this affidavit to be an attempt to comply with the Supreme Court rule, its contents do not meet the requirements of that rule, in that the plaintiff could not competently testify as to the facts therein set forth. In re Estate of Boysen, 73 Ill App2d 197, 200, 218 NE2d 838.

Defendant, in his motion to consolidate the McHenry County case and the DuPage County case, urged as a grounds therefor that the suits arose out of the same set of facts, the parties were identical and the attorneys the same. Defendant contends that since the motion was denied the facts therein contained could not be considered by the trial court in determining if there was any estoppel by verdict. We know of no such rule and we can only conclude that the trial court in considering the original complaint filed in McHenry County, the jury verdict and the motion for consolidation found they met the requirements of the principle of estoppel by verdict. Lynch v. Chicago Transit Authority, 62 Ill App2d 220, 222, 210 NE2d 792; Chas. Ind Co. v. Cecil B. Wood, Inc., 56 Ill App2d 30, 36, 205 NE2d 786.

It is our opinion that the judgment of the court below should be reversed and the case remanded for the purpose of determining the amount of property damage suffered by the plaintiff.

Reversed and remanded with directions.

DAVIS, P. J. and MORAN, J., concur.