Dona Jones, Plaintiff-Appellant, v. T. M. Lukas and William D. Griffin, Defendants-Appellees.

Gen. No. 69–55.

Third District.

April 23, 1970.

Leiter, Newlin, Fraser, Parkhurst & McCord, of Peoria, for appellant.

Arthur B. Copeland, and Heyl, Royster, Voelker & Allen, of Peoria, for appellees.

STOUDER, J.

Plaintiff-Appellant, Dona Jones, brought this action in the Circuit Court of Peoria County seeking damages on account of the alleged medical malpractice of Defendants-Appellees, T. M. Lukas and William D. Griffin. The court dismissed the complaint pursuant to the motion of defendants for summary judgment from which judgment the plaintiff has appealed.

The complaint alleged that plaintiff, Dona Jones, entered Proctor Community Hospital May 27, 1964, under the care of Dr. T. M. Lukas, defendant, who recommended surgery by Dr. William D. Griffin, defendant. Surgery was performed June 9, 1964, to repair a diaphragmatic hernia, and for resection of a diverticulum of the duodenum. She remained in the hospital until June 30, 1964, she suffered great pain thereafter and on July 10, 1964, entered another hospital for medical attention. On June 18, 1964, she was informed that X rays had shown a curvilinear surgical needle to be imbedded in her person. Additional surgery was performed August 8, 1964, for the drainage of an abscess, and she alleged that the abscess formed in the same area in which Doctor Griffin had operated upon her. Defendants were charged with the want of due care and skill in the leaving of the needle in plaintiff's body.

Answers were filed by defendants denying the allegations of negligence. At the request of plaintiff, evidence depositions were taken of Doctors Berney, (Roentgenologist), Warren (consulting physician at time of both

operations) and Eastman (surgeon performing second operation).

Defendants moved for summary judgment, and the motion executed by defendants' attorney referred to the depositions and, in particular, to the deposition of Berney. Plaintiff moved to strike the motion for summary judgment but the record does not reveal the court's ruling on the motion. In any event, the plaintiff thereafter filed counterproofs which consisted principally of references to portions of the depositions of Doctors Berney, Eastman and Warren.

The trial court, after considering the pleadings, depositions and affidavits, concluded that no triable issue of fact existed and thereupon dismissed the complaint.

Plaintiff first argues that the motion for summary judgment does not comply with Ill Rev Stats 1967, c 110, § 57, and Supreme Court Rule 191. According to plaintiff, the evidence depositions of the doctors referred to were not properly considered by the trial court.

■ ■ Plaintiff's motion to strike, objecting to defendants' motion and supporting documents, does not appear to have been considered by the trial court nor ruled upon. Since it is the duty of the movant, in this case the plaintiff, to bring such motions to the attention of the court and preserve any rulings thereon, the failure to do so waives any objections relating thereto. In any event, we find no merit to the objection.

Blonar v. Inland Steel Co., 57 Ill App2d 99, 207 NE 2d 124, quotes with approval the following from City of Quincy v. Sturhahn, 18 Ill2d 604, 165 NE2d 271, "The statements in the affidavit were declaratory of matters and things apparent on the face of the exhibits. Their authenticity was not denied. Since the affidavit met the requirements of the statute, it was sufficient in law to raise the questions decided on plaintiff's motion for summary judgment." In Blonar, references to state-

ments made in depositions were considered proper, even though as to affiant they would have been hearsay.

In the case at bar, no question is raised concerning the authenticity of the evidence depositions or the references to matters therein stated, and in our opinion, the motions and depositions were properly considered.

■■ This brings us to the principal issue of the case, namely, whether as contended by plaintiff, triable questions of fact were presented by the documents filed and hence, the trial court's conclusion to the contrary was error. The parties are in general agreement concerning the principles applicable to summary judgment proceedings. The purpose of summary judgment proceedings is not to try an issue of fact but to determine whether there is an issue to try. Patterson v. Stern, 88 Ill App2d 399, 232 NE2d 7, and Elm Lawn Cemetery Co. v. City of Northlake, 94 Ill App2d 387, 237 NE2d 345. Summary judgment supporting affidavits are to be construed most strongly against the movant and must leave no question of movant's right to judgment, whereas the counteraffidavits (counterproofs) are construed liberally.

Plaintiff's basic premise is that a needle was left in her body by defendants. Whether a triable question of fact exists depends on whether the documents disclose any competent facts from which the presence of a needle in plaintiff's body may be inferred. Doctor Berney, the Roentgenologist, supplies the only facts related to this question and a review thereof reveals that plaintiff's hypothesis concerning the presence of the needle is not supported by his testimony.

■ On July 18, 1964 (after the first but before the second operation) Dr. Berney made a roentgenological examination. In his written report he refers to ". . . what apparently is a curved metallic surgical needle overlying this diverticulum on the right anterior oblique films. . . ." During the course of his evidence deposi-

tion taken some four years later, Berney gave as his opinion based on the same X rays taken in July, 1964, that such X rays did not reveal the presence of any needle in plaintiff's body. According to Berney's testimony he admittedly had changed his mind and conceded that his present opinion was contrary to that previously expressed.

Plaintiff is placed in the unenviable position of having commenced this action predicated on testimony which either no longer exists, or is unavailable. Berney's initial report or initial opinion, no matter how contrary to his present opinion, is not binding on defendants and is not independently admissible. While such prior contrary statements would be admissible for impeachment of Berney's later opinions such impeachment evidence still remains impeachment evidence and does not support inferences concerning the truthfulness of the prior inconsistent statements.

Although the X rays were available for examination by other qualified persons, plaintiff has failed to present the testimony of any other qualified person offering an opinion based on the examination of such X rays favorable to plaintiff. No claim is made, and indeed it could not be supported that the X-ray films without interpretation or explanation, offer any support for plaintiff's claim. Thus there is absent any competent evidence that a needle was left in plaintiff's body.

The depositions of Doctors Eastman and Warren likewise offer no support for any inference that a needle was present in plaintiff's body. Eastman testified that when he operated, he found no needle but indicated that the needle might have exited through certain drains which he had inserted. While the testimony that no needle was found does not disprove its presence, there is nothing in such negative evidence from which the presence of any needle may be inferred. Dr. Warren's tes-

timony concerning diagnosis of patient's condition is likewise unrelated to the presence of any needle.

For the foregoing reasons we find no error in the judgment of the Circuit Court of Peoria County and accordingly, said judgment is affirmed.

Judgment affirmed.

RYAN, P. J. and ALLOY, J., concur.