ANDERSON "SAFEWAY" GUARD RAIL CORPORATION, Plaintiff-Appellant, *v.* CHAMPAIGN ASPHALT CO. *et al.,* Defendants-Appellees.

(No. 11243;

Fourth District—February 2, 1971.

Schippers, Betar, Lamendella & O'Brien, of Chicago, (Michael J. McArdle, of counsel,) for appellant.

Thomas, Mulliken & Mamer, of Champaign, (Albert F. Manion and Donald P. Colleton, of counsel,) for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This is a consolidation of two separate actions by a material supplier of a subcontractor for an accounting of sums due plaintiff, for a decree that the subcontractor pay the sums due, and for declaration of a lien for such sums upon money, bonds or warrants of the Department of Public Works and Buildings of the State of Illinois allegedly due general contractors for public highway construction.

The trial court granted the motion for summary judgment of defendant, Champaign Asphalt Company, a general contractor, against the material supplier, and found no just reason for delay or enforcement or appeal therefrom. Appeal is taken from the summary judgment order.

Plaintiff, Anderson "Safeway" Guard Rail Corporation, the material supplier, alleged in one action that it orally agreed to supply defendant, A. K. Thompson Engineering Corporation, a subcontractor of Champaign Asphalt, and Frank C. Feutz Co., general contractors, with such steel beam guard rail and accessories as would be required in interstate highway construction let by the Illinois Department of Public Works and Buildings to the general contractors and referred to as Project 89. Plaintiff claimed that it furnished such guard rails and accessories valued at $12,217.55 but was not paid for the same. Plaintiff further alleged that it filed and served a notice of lien with the Director of the Illinois Department of Public Works and Buildings against moneys, bonds and warrants due or to become due Champaign Asphalt and Feutz in connection with such highway construction, and that at the time of service of said notice the State had in its possession a part of the moneys due the general contractor under its contract in an amount unknown to plaintiff.

The second action was identical, except that it was against an additional defendant, Lehigh Paving Company, as an additional general contractor, on a different portion of highway construction referred to as Project 87. This suit claimed $3500, exclusive of interest and costs, was due.

The actions were consolidated. Champaign Asphalt Company filed a motion for summary judgment on the ground that it had paid its subcontractor, A. K. Thompson Engineering Corporation, in full for all guard rails and accessories supplied by plaintiff before the notice of lien was filed. Defendant contends that the lien of a material supplier to a subcontractor, under Illinois Revised Statutes, 1969, ch. 82, par. 23, against public moneys due or to become due a general contractor under an Illinois public contract is limited to the amount owed by the general contractor to the subcontractor at the time the notice of lien is filed.

Defendant's motion for summary judgment was supported by affidavits of Paul W. Mast, office manager of Dwight Shoemaker Bridge Company, a subsidiary of Champaign Asphalt Company, stating that the general contractor had completed its payments to its subcontractor by March 13, 1969. The notices of lien were dated and served on the Department on April 10, 1969. This affiant further stated that no moneys were due from the State on April 10, 1969, or later became due in connection with any portion of the general contractor's construction contract, subcontracted to the subcontractor, Thompson, to whom plaintiff supplied the materials. Attached to the affidavits were cancelled checks of Shoemaker Bridge Company paid on behalf of Champaign Asphalt Company and invoices of Thompson. The affidavit further stated that the invoices constituted a "full and complete billing" by Thompson "for all obligations including

the furnishing and installation of steel beam guard rail and accessories required of A. K. Thompson under the above subcontract." It further stated that Champaign Asphalt did not contract with plaintiff or in any way agree to pay plaintiff, and that no moneys were due or about to become due on April 10, 1969, from the State of Illinois to Champaign Asphalt or Dwight for the portion of Champaign Asphalt's contract with Thompson.

Plaintiff's complaints were verified. By counter-affidavit, plaintiff's attorney stated that the verified complaints were made on personal knowledge of William E. Behm who verified them, and that Behm, if sworn as a witness, could and would testify completely to the facts therein stated. The counter-affidavit further stated that certain material facts were known only to A. K. Thompson Engineering Corporation and Frank C. Feutz Co., the affidavits of officers of which the affiant was unable to procure by reason of the hostility of said persons toward plaintiff. It further stated that plaintiff verily believed that, if sworn, such officers would testify that A. K. Thompson Engineering Corporation had not been paid in full for its work with the general contractors to an amount exceeding the sums for which lien was claimed.

Summary judgments are authorized to be granted by a court under the Illinois Civil Practice Act in a case upon motion made therefor by one of the parties if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1969, ch. 110, par. 57.) Such judgments are favored where the issues involved are simple in nature and the legal consequences of settled facts are conclusive. The entry of such judgment, in a proper case, has the salutary effect also of diminishing congestion of trial calendars and reducing expense to the community and the litigants of unnecessary trials. *Allen v. Meyer* (1958), 14 Ill.2d 284, 152 N.E.2d 576.

■■ Where a genuine issue of material fact exists, summary judgment is not proper. However, merely alleging the existence of an issue of material fact does not create such an issue. *Giampa v. Sunbeam Corp.* (1st Dist. 1966), 68 Ill.App.2d 425, 216 N.E.2d 233.

In this case, there was no allegation in the complaint that the general contractor owed any moneys to its subcontractor on the work for which plaintiff supplied material at the time the notice of lien was served on the State.

■ The issue of law in this case was decided in *Koenig v. McCarthy Constr. Co.* (2nd Dist. 1951), 344 Ill.App. 93, 100 N.E.2d 338, and reiterated in *Tison & Hall Concrete Products Co. v. A. E. Asher, Inc.*

(5th Dist. 1967), 86 Ill.App.2d 34, 229 N.E.2d 137. We see no reason to differ with the rule so decided. A supplier of materials to a subcontractor of a general contractor is limited by the statute to a lien on public funds in the possession of the State in the amount owed by the general contractor to the subcontractor on the particular portion of the contract for which the supplier furnished materials at the time notice is given to the State of his claim for lien. To hold otherwise "would be tantamount to imposing a limitless liability upon the original contractor for public improvements, for he would be liable for all the financial follies, and excessive contracts entered into by his subcontractors * * *." *Koenig, supra,* 100 N.E.2d at 342.

The affidavits filed by Champaign Asphalt in support of its motion for summary judgment directly stated that no such sums were due and that at the time the notice of lien was filed with the State the contractor, Champaign Asphalt, owed no remaining sums to its subcontractor, A. K. Thompson Engineering Corporation, to whom plaintiff supplied the materials. The copies of invoices and cancelled checks supported these affidavits.

■■ The counter-affidavit filed by plaintiff's attorney stating that Thompson (the subcontractor) had not been paid in full for its work to an amount exceeding the amount upon which lien here was claimed was not made on personal knowledge of the affiant. This affidavit, on its face, showed that affiant could not competently testify at the trial to the cause of the matters therein stated, as required by Supreme Court Rule 191(a) (Ill. Rev. Stat. 1969, ch. 110A, par. 191(a)). Unsupported conclusions in an affidavit in support of a motion for summary judgment are insufficient to raise a genuine issue of material fact. *Wanous v. Balaco* (1952), 412 Ill. 545, 107 N.E.2d 791; *Shearer v. Klostermann* (2nd Dist. 1967), 89 Ill.App.2d 239, 231 N.E.2d 470; *International Harvester Co. v. Continental Cas. Co.* (1st Dist. 1962), 33 Ill.App.2d 467, 179 N.E.2d 833.

■■ Plaintiff's attorney sought to bring his affidavit within subsection (b) of Supreme Court Rule 191 (Ill. Rev. Stat. 1969, ch. 110A, par. 191(b)). This subsection provides that:

"If the affidavit of either party contains a statement that any of the material facts which ought to appear in the affidavit are known only to persons whose affidavits affiant is unable to procure by reason of hostility or otherwise, naming the persons and showing why their affidavits cannot be procured and what affiant believes they would testify to if sworn, with his reasons for his belief, the court may make any order that may be just, either granting or refusing the motion, or granting a continuance to permit affidavits to be obtained, or for submitting interrogatories to or taking the depositions of any of the

parties so named, or for producing papers or documents in the possession of those persons or furnishing sworn copies thereof * * *."
However, no request was made here for a continuance to permit affidavits to be obtained nor to submit interrogatories or take depositions.

■■ We regard the affidavit of plaintiff's attorney as making statement not of facts but of conclusions, including a bare conclusion that the persons knowing the facts were hostile. Mere allegation that a triable issue of facts exists does not create an issue of fact. (*Tau Delta Phi, Tau Eta Chapter, Bldg. Ass'n v. Gutierrez* (1st Dist. 1967), 89 Ill.App.2d 25, 232 N.E.2d 205.) Nor is an affidavit by a party's attorney to be tested by any different rule than that of any other affiant.

■■ Plaintiff contends for the first time in this court that sections 5, 21, 22 and 27 of the Mechanics' Liens Act (Ill. Rev. Stat. 1969, ch. 82, pars. 5, 21, 22 and 27) required the contractor, Champaign Asphalt, to obtain evidence from Thompson, its subcontractor, that it had paid its materials supplier prior to its paying the subcontractor or that in lieu thereof the contractor should have obtained a statement under oath regarding identity of the materials suppliers and amounts due each. Plaintiff then concludes that failure of the general contractor to do so constitutes a wrongful payment by it. These contentions are to be wholly rejected, as the language of section 23 of the Mechanics' Liens Act (Ill. Rev. Stat. 1969, ch. 82, par. 23) is clear that only that section of the act governs liens on public improvements. The other sections of that act have no application to public fund liens. *Alexander Lumber Co. v. Coberg* (1934), 356 Ill. 49, 190 N.E. 99.

■■ Plaintiff further contends that the existence and extent of the lien depends also upon the specific terms of the contract and that the court should have afforded plaintiff an opportunity to have the contract produced and considered. Plaintiff had ample opportunity to produce such contract to the trial court but failed to do so.

■■ A defense or issue raised for the first time on appeal is not available to be considered even in a summary judgment case. As this court said in *Pefferle v. Prairie Mills, Inc.* (4th Dist. 1966), 72 Ill.App.2d 440, 443 (218 N.E.2d 247, 249), "Factual or legal issues not presented to or considered by the *nisi prius* court are 'men without a country' when they appear in briefs in this court and are so treated * * *."

■■ Based upon the pleadings and affidavits before the trial court on the hearing of the motion for summary judgment, the court properly allowed the motion.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.