MIDLAND IRON AND STEEL CORPORATION, Plaintiff-Appellant, *v.* THE CHI-CAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY *et al.,* Defendants-Appellees—(ROCK ISLAND COUNTY ABSTRACT AND TITLE GUARANTY COMPANY, Cross-Defendant-Appellee.)

(No. 71-51; ▮▮▮▮▮▮▮)

Third District—March 2, 1972.

Robert J. Noe, of Moline, for appellant.

William M. Walker, of Rock Island, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from a summary judgment against Midland Iron and Steel Corporation, the plaintiff-appellant.

Midland brought suit against Chicago, Rock Island and Pacific Railway Company and Western Structural Company, asking that a deed conveying certain property from the Railway to Western be set aside and that the Railway be directed to convey the property to Midland for $3,893.44. A cross-complaint was filed by Western against the Railway, seeking a refund of the $56,000.00 it had paid for the property in 1967 in the event Midland were successful in having the deed set aside. A cross-complaint was also filed by Western against Rock Island County Abstract and Title Guaranty Company, alleging that the Abstract Company had failed to include in an abstract a 1946 petition and order in a federal court which had been placed on record and were the basis of Midland's

complaint. Various motions, answers, replies, interrogatories, and answers to interrogatories were filed by the various parties, and finally motions for summary judgment and supporting affidavits were filed by all the defendants and were allowed.

In 1946 the Railway was involved in reorganization proceedings pending in the United States District Court for the Northern District of Illinois, Eastern Division. Among the assets of the Railway were two adjacent parcels of real estate in Moline, Illinois, which were no longer needed for railroad purposes. Midland wanted to acquire both parcels, but one was occupied by a lessee, Western. Midland submitted a proposal to the Trustees of the Estate of the Railway offering $15,000.00 for the larger tract of 7.32 acres, Parcel A, and requesting an option to purchase the smaller tract of 1.90 acres, Parcel B, when the lessee vacated the premises.

The Trustees filed a petition with the federal court for authority to accept the proposal. Their petition stated: "Subject to the approval of this Court, petitioners propose to sell and convey unto Midland Iron and Steel Corporation said Parcel A for the sum of $15,000.00 cash and to grant to Midland Iron and Steel Corporation the right to purchase for the sum of $3,893.44 cash said Parcel B when the premises are vacated by the present lessee thereof." The prayer of their petition was that the court enter an order "authorizing them" to sell and convey Parcel A to Midland and grant Midland the right to purchase Parcel B on vacation of the premises.

The petition was approved by the court July 2, 1946. It was ordered: "That the Trustees be and they hereby are authorized (1) to sell and convey unto Midland Iron and Steel Corporation the parcel of real estate described in said petition and therein identified as Parcel A for the sum of $15,000.00 cash and (2) to grant unto Midland Iron and Steel Corporation the right, upon vacation of the premises by the present lessee thereof, to purchase for the sum of $3,893.44 cash the parcel of real estate described in said petition and therein identified as Parcel B. It is further ordered (1) that the property described in said petition and therein identified as Parcel A shall be sold and conveyed and, upon the sale and conveyance thereof, shall be taken and held free and clear of all liens and encumbrances except the lien of taxes accrued and to accrue and (2) when and if the right is exercised to purchase the property described in said petition and therein identified as Parcel B, the said property shall be sold and conveyed and, upon the sale and conveyance thereof, shall be taken and held free and clear of all liens and encumbrances except the lien of taxes accrued and to accrue."

Midland contends that an oral option to purchase Parcel B was given

it by the Trustees; that subsequently this was the basis for the federal court order entered July 2, 1946; that its rights arose under either the option or the order or both; that the federal court order established or confirmed its right to purchase Parcel B for $3,893.44 on vacation of the premises by the lessee; that the expression "when and if the right is exercised to purchase the property" indicates that Midland then had an existing right; and that the Trustees were "authorized" by the order to do what they had already done.

■■ We cannot find that the federal court order created any rights in Midland to acquire Parcel B. It appears clear to us that the order merely permitted the Trustees to grant an option thereafter; it did not purport to validate or approve an option previously given. "Authorize" means to permit a thing to be done in the future. Black's Law Dictionary (4th ed. 1968). "When and if the right is exercised" appears to us to refer to such right as the Trustees might thereafter have decided to grant. The Trustees' petition indicates that an option had not yet been given; in it they "propose" to grant an option, and pray for an order "authorizing them" to grant Midland the right to purchase Parcel B. Ratification of a prior option (or confirmation) could not have been granted on this petition without some kind of a pleading requesting it. *Walsh v. Union Oil Co. of Calif.* (App. Ct. 1970), 268 N.E.2d 706.

Further, "A sale by a trustee in bankruptcy, when conducted in accordance with law, is a judicial sale". (9 Am.Jur.2d, Bankruptcy Sec. 1221. Also see Sec. 1215 Confirmation of sale.) "Although some exceptions to the general rule may be found, confirmation is ordinarily essential to the validity of judicial sales. * * * A judicial sale is not final and complete until it has been duly confirmed or ratified by the court under whose order it was made. Therefore, it may be said that where the general rule obtains, a judicial sale is not made until it is confirmed, or that there is no binding contract of sale before confirmation * * *". 47 Am.Jur.2d Judicial Sales, Sec. 167. See also I.L.P. Judicial Sales, Sec. 9.

"Confirmation of the sale is a judicial rather than ministerial act. Till then the so-called sale is not such in fact, in that, though the bidder's obligation is complete, he does not acquire any right till the sale is reported and confirmed. Whether the sale is public or private it is generally held that confirmation is necessary in order to complete the sale and make valid the deed to the purchaser. By the order of confirmation, the court makes the sale its own, adjudicates the conformity of the steps taken with those prescribed by the order authorizing the sale, and consummates the sale so as to vest an equitable title in the purchaser." Patton Land Tit. Sec. 260.

The complaint filed by Midland had the federal court petition and order attached as exhibits. These appear to us to be inconsistent with Midland's contention in its briefs that an oral option to purchase Parcel B was granted before the federal court order was entered. Midland's reply brief states: "Midland contends that an oral option was extended by the railroad trustees and that subsequently this was the basis for a Court Order entered July 2, 1946. The plaintiff's position is that its rights arise under either the option or Court Order or both of them." From the record we cannot find that either the order or a prior oral option gave Midland the rights it claims. In fact, any so-called prior oral option would have been a nullity. In a sale in bankruptcy the court is the real seller and the Trustee is merely its agent to obtain the highest possible price. 8A C.J.S. Bankruptcy, Sec. 309.

■■ Having determined that neither the federal court order nor a prior oral option supports Midland's position, we need not consider the other issues raised by the parties. We find that there was no triable issue of fact and that summary judgment for the defendants was proper. (*Jones v. Lukas,* 122 Ill.App.2d 162; *Glen View Club v. Becker,* 113 Ill.App.2d 127.) The judgment of the trial court was correct and is affirmed.

Judgment affirmed.

ALLOY, P. J. and SCOTT, J., concur.