(No. 44543.—<span style="color:black"></span>

HENNEPIN PUBLIC WATER DISTRICT, Appellant, v. PETERSEN CONSTRUCTION COMPANY *et al.*, Appellees.—(Continental Casualty Company, Appellee, v. Petersen Construction Company *et al.*, Appellants.) *Opinion filed June 4, 1973.*

RYAN, J., took no part.

BOYLE & GOLDSMITH, of Hennepin (WALTER DURLEY BOYLE and LINN C. GOLDSMITH, of counsel), for appellant Hennepin Public Water District.

GOLDSMITH, DYER, THELIN & SCHILLER, of Aurora (RICHARD D. SCHILLER, of counsel), for appellee and cross-appellant Petersen Construction Company.

HERBOLSHEIMER and LANNON, of LaSalle (T. DONALD HENSON, of counsel), for appellee Continental Casualty Company.

MR. JUSTICE WARD delivered the opinion of the court:

The plaintiff, Hennepin Public Water District, brought an action in the circuit court of Putnam County for

liquidated damages in the amount of $24,610.25 against the defendants, Petersen Construction Co. (hereafter, Petersen) and the Continental Casualty Co. (hereafter, Continental). The suit was based on a bid bond which had been submitted by Petersen as the principal and Continental as the surety when Petersen had bid on two construction projects announced by the plaintiff. After answering the complaint, Continental filed a third-party action against Petersen, seeking indemnity for any damages Continental might incur as a result of the plaintiff's suit. The case was tried before a jury and a verdict was returned on the principal action in favor of Petersen and Continental. The jury did not return a verdict in the third-party action by Continental against Petersen but the trial court, acting upon Continental's post-trial motion for attorneys' fees and other expenses incurred by Continental in its defense of the plaintiff's action, entered a judgment against Petersen in the amount of $3,058.70. The appellate court affirmed the judgments of the trial court upon appeals by the plaintiff and by Petersen from the judgment in favor of Continental. 131 Ill. App. 2d 927.

In 1966 the plaintiff advertised for bids on two construction projects. The first project involved the construction of a sewage treatment plant and the second the construction of well equipment and an administration building. Petersen submitted bids on both projects to the plaintiff on July 28, 1966, which was the last date on which bids might be submitted. Petersen's bid on the first project was in the amount of $383,365 and on the second project was $108,840. The bid forms used were part of a single volume of documents furnished by the plaintiff and referred to as the contract documents. The contract documents were in three parts: the proposal section, the agreement section and the contract specifications. The proposal section included forms which were to be used by the bidder to state the amount of its bid. Petersen completed the proposal forms and returned the contract

documents to the plaintiff. It accompanied its bid with a bid bond, with Continental as the surety, representing 5% of the bid submitted. The bids were opened on July 28, 1966, and Petersen's bids were the lowest received on each of the construction projects.

The proposal provided that the successful bidder within 10 days after the awarding of the contract was to execute certain agreement forms in the proposal section of the contract documents and was to furnish a performance bond. These agreement forms would have been filled in by the plaintiff prior to their being executed by the successful bidder. The proposal stated that the bidder, upon his failure or refusal to execute and deliver the contract and submit performance bond within the 10 days, would forfeit to the plaintiff as liquidated damages the security deposited with the bid. The plaintiff's action against Petersen and Continental was grounded on this provision of the proposal and claimed a failure to execute the agreement and furnish the bond.

The proposal section included the following provisions:

"Financing Improvements—
The Owner proposes to complete financing arrangements for this improvement within a period of sixty (60) days after construction bids are received. The bid securities of all bidders, except the security submitted with the lowest acceptable bid, will be returned within a fifteen (15) day period following the time of receipt of the bids. The bid security accompanying the lowest acceptable Proposal will be returned on request after the Owner has made a conditional award to the successful bidder if a satisfactory Performance Bond has been delivered to the Owner. The conditional award will not be in effect until the Owner has been successful in raising the required funds for payment of construction. Provided it proves impossible to raise the required funds, the conditional award will be cancelled by the Owner and the Owner shall not then be liable for any payments whatsoever to the Contractor. Extension of time beyond the sixty (60) day period of the conditional award may be made only by mutual

agreement between the Owner, the Contractor and the Contractor's Surety."

"Construction Funds—

The Hennepin Public Water District proposes to complete the sale of water and sewer revenue bonds to finance this project within a period of sixty (60) days after construction bids are received. Provided it proves impossible to raise the required funds to finance this project, the conditional award will be cancelled by the Hennepin Public Water District and the District shall not then be liable for any payments whatsoever to the Contractor. Extension of time beyond the 60 day period of the conditional award may be made only by mutual agreement between the Owner, the Contractor and the Contractor's Surety."

The plaintiff notified Petersen of the tentative award to it of the contract on the first project on September 7, 1966, and of the tentative award on the second project on September 26, 1966. However, the agreement forms, completed by the plaintiff, were not tendered or delivered to Petersen for execution until October 3, 1966, which was 67 days after the date, July 28, on which all bids were required to have been received. On September 26, 1966, which was the 60th day after all bids had been received, the plaintiff completed its financing arrangements for the projects when it concluded the sale of bonds it had issued to finance the construction.

We consider that the appellate court in affirming the judgment in favor of Petersen and Continental against the plaintiff correctly interpreted the intention of the parties as expressed in the contract documents.

The provisions "Financing Improvements" and "Construction Funds" appearing in the proposal section expressly state the intention of the plaintiff that its financing arrangements for the construction would be completed within 60 days after the bids had been received, that is, within 60 days after July 28. As the appellate court observed, the two provisions contemplated and proposed that the awards of the contracts were to be made prior to

the expiration of this 60-day period. Language in both provisions provides for the cancellation by the plaintiff, without liability, of the conditional awards should it be impossible for the plaintiff to raise the funds required for financing within 60 days, evidencing that the awards were to be made within the 60-day period. Too, the "Financing Improvements" provision, which is devoted to the 60 days allowed the plaintiff to complete its financing, calls for the return of the bid security to the successful bidder when the bidder has furnished a performance bond. This indicates the contemplation of the awarding of the contracts within the 60-day period. The provision also states that "the conditional award will not be in effect until the Owner has been successful in raising the required funds for the payment of construction." Also, that the awarding of the contract within 60 days was proposed is evidenced by the language in both the provisions that "extension of time beyond the 60 day period of the conditional award" may be made only by agreement between the "Owner [plaintiff], the Contractor and the Contractor's Surety."

In considering when contracts were to be awarded it is pertinent, too, to note that the plaintiff's proposal section called for the construction to be completed by June 1, 1967. A provision called for a penalty of $500 per day for each additional day required for the completion of construction.

There was no contract awarded by the plaintiff within 60 days after the closing of bids on July 28, that is by September 26. The plaintiff did notify Petersen of a tentative award on September 7 as to the first project and on September 26 as to the second project, but the plaintiff did not submit its agreement forms to Petersen until October 3, which was 67 days after the closing of the bids. According to the terms of the proposal, the bidder, Petersen, was to execute the agreement forms and furnish a performance bond within 10 days of the award. The

requirement that the bidder execute the forms, which were to be filled in by the plaintiff, within 10 days certainly required that the forms be submitted to the bidder so as to commence the running of the 10-day period. The presentation of the agreement forms to the bidder was essential to the awarding of the contracts. It might be added that it would not be unreasonable to say that it was contemplated that the successful bidder, having the agreement forms from the plaintiff, would utilize the 10-day period in part to secure the required performance bond, with the bidder and the surety having assurance of an award.

Thus, it was intended that the award, including the tendering of the agreement forms to the bidder, must have occurred prior to the expiration of the 60-day period after the closing of bids, that is, prior to September 26. The agreement forms were not presented to Petersen by the plaintiff until October 3. Petersen at such time was under no obligation to execute the agreement forms. Petersen did not, within the proposal's meaning, fail or refuse to execute and deliver the contract and furnish a performance bond so as to forfeit its bid security.

The contention of the plaintiff that Petersen in any event was unable to secure a performance bond from Continental and thus could not have met the contract's terms misses the mark. The controlling question was whether there was an award within the 60-day period so as to obligate Petersen to provide the bond.

The jury's not returning a verdict in the third-party action of Continental against Petersen is understandable. The jury handed down its verdict in favor of Petersen and Continental in the plaintiff's action against these defendants. There was no adverse judgment against Continental and therefore no basis for rendering a verdict under the indemnity agreement for Continental against Petersen.

The trial court, as we have stated, acting on a post-trial motion by Continental, entered judgment in the amount of $3,058.70 for Continental's attorneys' fees.

Petersen had defended against Continental in the third-party action solely on the basis of estoppel. The trial court entered judgment for Continental, observing that because of the equitable defense a verdict of the jury would have been only advisory to the court. We consider from the record that the trial court's rejection of the defense of estoppel was not contrary to the manifest weight of the evidence. Petersen complains here that the court erred in allowing Continental attorneys' fees not only for the defense of the action against Continental by Hennepin but for the prosecution of Continental's action against Petersen as well. However, the record does not show any objection by Petersen either to the amount of the judgment in favor of Continental or to the basis for it.

For the reasons given, the judgments of the appellate court are affirmed.

*Judgments affirmed.*

MR. JUSTICE RYAN took no part in the consideration or decision of this case.