JACK PELTZ, Plaintiff-Appellant, v. CHICAGO TRANSIT AUTHORITY et al., Defendants-Appellees.

(No. 61133; ▉▉▉▉▉▉▉▉

First District (1st Division)—September 2, 1975.

Raymond P. Concannon, of Chicago, for appellant.

S. Joseph Formusa, of Chicago, for appellees.

Mr. JUSTICE SIMON delivered the opinion of the court:

The plaintiff brought suit against the CTA and a CTA motor operator, Milton Rasberry, for personal injuries and.damage to his car as a result of an accident with a CTA train at a grade level crossing at Manor Avenue on the Ravenswood rapid transit line. The defendants moved for summary judgment, supporting the motion by affidavits and relevant excerpts from the depositions of Mr. Rasberry and the plaintiff. The trial court granted the motion and entered judgment for the defendants, and the appeal is from the order granting summary judgment.

Caution must be exercised in granting summary judgment so as not to preempt the right of a party to present the factual basis of his case to the factfinder. (*Tuohey v. Yellow Cab Co.* (1962), 33 Ill.App.2d 180, 180 N.E.2d 691.) The duty of the trial court in the case of such a motion .is to consider the entire record to determine whether there is a genuine issue as to a material fact. (*Giampa v. Sunbeam Corp.* (1966),. 68 Ill.App.2d 425, 216 N.E.2d 233; *Illinois Power Co. v. City of Jacksonville* (1960), 18 Ill.2d 618, 165 N.E.2d 300.) The right of the moving party to

the relief requested must be clear and free from doubt, but where there is no triable issue, the court should grant the motion. *People ex rel. Sharp v. City of Chicago* (1958), 13 Ill.2d 157, 148 N.E.2d 481; *Di Leo v. United States Fidelity & Guaranty Co.* (1964), 50 Ill.App.2d 183, 200 N.E.2d 405.

The facts presented to the court by the motion for summary judgment shows that there was no genuine issue as to any material fact. Excerpts from the deposition of Mr. Rasberry established that neither the CTA nor Mr. Rasberry was negligent. Mr. Rasberry stated that he was operating a six-car CTA train at the time of the accident. The weather was only slightly hazy. An earlier rain had left the road surface moist. About 9 or 9:30 a.m., Mr. Rasberry was approaching the Franscisco station, which was a short distance beyond the point where Manor Avenue crossed the CTA tracks. The train was returning to its terminal at Kimball Avenue and was moving in a westerly direction. His view of Manor Avenue itself was blocked by a building, but Mr. Rasberry stated that he had an unobstructed view of the Manor grade level crossing for 200 feet.

Although he knew there were crossing gates extending across Manor Avenue at that point, Mr. Rasberry did not actually see the gates go down that morning because he was watching the green signal light which told him that the tracks were clear ahead. Mr. Rasberry explained that the lowering of the gates was controlled electrically by a switch which was activated when the front of the train was approximately 300 feet from the crossing. Since the train was approaching a required stop at the Francisco station, it was going approximately 10 miles an hour as the front car went through the crossing. The first notice that he had of the accident was a sound he heard. He brought the train to an emergency stop and immediately looked towards the sound; he saw a car with a portion of the hood under the right side of the third car of the CTA train and with the crossing gate on the north side of the tracks resting on the hood of the car up against the windshield. The crossing gate was not broken.

The defendants, in support of their motion, also presented an affidavit of Zettie Stackhouse, a passenger in the second car of the CTA train. She stated that the train was moving through the intersection and that bells were ringing and the gates were down. An automobile crashed into the right side (*i.e.* the side exposed to the north) of the third car of the train.

Excerpts from the deposition of the plaintiff, Jack Peltz, established that he traveled along Manor Avenue through the crossing two or three times a week. He was familiar with that CTA crossing and knew there were crossing guards, warning bells and a railroad warning sign at that

crossing. On the day of the accident, Mr. Peltz turned onto Manor Avenue traveling south and rounded a turn. From that point, he had an unobstructed view of the CTA crossing for 1½ blocks. Mr. Peltz had no other memory of the occurrences leading up to the accident or the accident itself.

The defendant, without objection, offered photographs taken on the day of the accident, indicating that the crossing gates were apparently working some time later in the day. The photographs also show that the crossing gate on the south side of the tracks is apparently higher than the hood of a car in the photograph.

Plaintiff's response to the defendants' motion for summary judgment reiterated only that plaintiff suffered from amnesia, that the CTA crossing gate was not broken and that Mr. Rasberry stated that he did not see the crossing gates go down on the day of the accident. None of these facts were disputed by the defendant.

■■ Clearly there is no genuine issue as to a material fact in this case. Indeed, the plaintiff relies upon the facts presented by the defendants as the sole support for his case, since he cannot remember anything about the accident. Merely alleging that a genuine issue of material fact exists without presenting any statement of fact to contradict the defendants' version, does not thereby create such an issue. *Giampa v. Sunbeam Corp.* (1966), 68 Ill.App.2d 425, 216 N.E.2d 233; *Fooden v. Board of Governors* (1971), 48 Ill.2d 580, 272 N.E.2d 497.

If there are no facts in dispute, inferences may be drawn from the undisputed facts to determine if the defendant is entitled to judgment as a matter of law. If no fair-minded person could draw different inferences from these facts, then there is no triable issue and the motion for summary judgment should be granted. (*Southland Corp. v. Village of Hoffman Estates* (1970), 130 Ill.App.2d 311, 264 N.E.2d 451.) This does not prejudice the party against whom judgment is granted since the same undisputed facts would support entry of a judgment at the conclusion of that party's case.

■■ The plaintiff points to the fact that the crossing gate was not broken and claims that the gate must, therefore, have been lowered after the crash. The statements of Mr. Rasberry and Ms. Stackhouse that they saw the gate in a down position immediately after they heard the sound of the crash makes this inference extremely unlikely. From the photographs which the trial court examined, it also appears that the hood of a car could go under the gate on the south side of the tracks, and that the forward momentum of the car would be stopped by the impact with the passing train, thereby preventing the roof of the car from breaking the crossing gate. The mere fact that the gate was not broken does not raise

an inference that it was not in a down position at the time of the accident, particularly since the photos taken later in the day show the gate was working. In the absence of counteraffidavits presented by the plaintiff, the trial court was not allowed to speculate, but was obligated to accept the facts set forth by the defendants as true. Defendants' motion for summary judgment was, therefore, properly granted. *Heidelberger v. Jewel Companies, Inc.* (1974), 57 Ill.2d 87, 92-93, 312 N.E.2d 601; *Tuohey v. Yellow Cab Co.* (1962), 33 Ill.App.2d 180, 180 N.E.2d 691.

■■ The undisputed facts showed that the CTA train was passing through the crossing at approximately 10 miles per hour. Even if the crossing gate was not working, Ms. Stackhouse's affidavit established, without any dispute by the plaintiff, that the crossing bells were ringing. Plaintiff was familiar with the crossing and had a clear view of it for 1½ blocks as he drove south on Manor Avenue. Because plaintiff suffered from amnesia, what caused him to run his car through the crossing gate at a well-marked CTA grade level crossing cannot be determined. However, a driver who can see the crossing for 1½ blocks, with warning bells ringing, and yet crashes into the third car of a CTA train going only 10 miles an hour, must be guilty of contributory negligence. Though the issue of contributory negligence is usually a question for the jury, the reasonableness of an individual's conduct is within the scope of summary judgment, as in any other case. (*Mitchell v. Ralston* (1971), 130 Ill.App.2d 759, 266 N.E.2d 424; *Witzig v. Illinois Power Co.* (1969), 114 Ill.App.2d 139, 251 N.E.2d 902.) The plaintiff, as shown by the undisputed facts of this case, was guilty of contributory negligence. Since this would have been a complete defense to the claim, even had negligence on the part of the defendants been found, the trial court properly granted summary judgment.

■■ Plaintiff later filed a motion to vacate the judgment, attaching the affidavit of his daughter concerning her father's careful driving habits. The trial court granted leave to file the affidavit nunc pro tunc as of the date it entered summary judgment but denied the motion to vacate. The plaintiff argues that the affidavit of his daughter was sufficient to prove that he exercised ordinary care for his safety on the day in question. Testimony or affidavits concerning a plaintiff's careful habits and the due care taken for his own safety at or before the time of an accident are admissible only where there is no eyewitness testimony. (*Plank v. Holman* (1970), 46 Ill.2d 465, 264 N.E.2d 12; *Herget National Bank v. Johnson* (1974), 21 Ill.App.3d 1024, 316 N.E.2d 191.) In this case the defendants offered the observations of Mr. Rasberry and Ms. Stackhouse with respect to conditions at the Manor Avenue crossing both immediately prior to and after plaintiff struck the train as well as the speed of

the train immediately prior to the impact. Mr. Rasberry and Ms. Stackhouse provided enough of the circumstances surrounding the accident to preclude secondary evidence of plaintiff's careful habits. Although the affidavit is of doubtful admissibility, since no objection was apparently made to it we have considered the affidavit but conclude that it is entitled to no weight under the circumstances.

The plaintiff relies upon IPI 10.08 to support his contention that the affidavit is competent evidence. This instruction provides that the jury "may infer that he [the plaintiff] was in the exercise of ordinary care * * *, unless the inference is overcome by believable evidence." (IPI 10.08. See also *Moudy v. New York, Chicago & St. Louis R.R. Co.* (1944), 385 Ill. 446, 53 N.E.2d 406.) In this case, the undisputed facts demonstrate that the accident could not have occurred had not the plaintiff himself been negligent. Any inference of ordinary care raised by the affidavit was, therefore, overcome by the affidavits, depositions and photographs offered by the defendants.

■■ The plaintiff also argues that the affidavit of Ms. Stackhouse offered by the defendants in support of their motion for summary judgment was inadmissible under Supreme Court Rule 191. The plaintiff made no motion in the trial court to test the sufficiency of this affidavit or to strike any of the portions to which he now objects. The sufficiency of affidavits cannot be raised for the first time on appeal. *Fooden v. Board of Governors* (1971), 48 Ill.2d 580, 272 N.E.2d 497; *Jones v. Lukas* (1970), 122 Ill.App.2d 162, 258 N.E.2d 147.

Judgment affirmed.

GOLDBERG and EGAN, JJ., concur.